O’Neall, J.
delivering the opinion of the court, said. The general proposition seems to be undeniable, that wherever in trespass the right of property is in the plaintiff, and the trespass is admitted or proved, to enable the defendant to have a verdict, he must plead his justification specially. In 1 Chit. Pl. 495, the rule is stated in reference to trespass for injuries to'personal property, thus; “in general, matters which admit the plaintiff’s property as well as the seizure, &c. must be pleaded, as a justification for cutting ropes, or killing dogs, or taking guns, <fec.”
*94 The great matter relied on by the defendant to entitle him to a verdict was the supposed licence by the plaintiff to beat his slave. That, according to the rule, was the subject matter of a special plea, and if not so pleaded, the most which the defendant could have from the fact, was that it would' -be in mitigation. In 3 Steph. N. P. 2645, it is said, “the plea of license is, where the defendant committed the alleged trespass under the permission of the plaintiff, a good plea in an action of trespass, but it must be specially pleaded
Motion dismissed.
Richardson, Evans, Butler, Wardlaw and Frost, JJ. concurred.